UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
RAFAEL SOLAR,

                      Petitioner,

    -against-

STATE OF NEW YORK,

                      Respondent.
---------------------------------------------------------------- X

03 CV 5595 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By petition dated October 27, 2003, pro se petitioner, Rafael Solar, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated January 5, 2005, this court denied the petition on the merits. By motion dated January 25, 2005, petitioner now moves the court to reconsider denial of the petition. The motion is denied.

The relevant factual and procedural background is set forth in the January 5 Order, familiarity with which is assumed. As explained in the January 5 Order, Solar's petition for a writ of habeas corpus asserted (1) that the prosecutor knowingly proffered perjured testimony, and (2) that the court reporter (perhaps in conjunction with the judge) falsified the trial transcript. In his motion to reconsider, petitioner alleges that "the facts established in the records are contrary to those found by the district judge." He outlines seven claims, labeled A through I.

*Claim A*

The January 5 Order states at page six that "[t]he Supreme Court, Bronx County" addressed petitioner's claim that the trial transcript was falsified in petitioner's 440 motion.

1

Petitioner correctly notes that the motion was actually heard by the Supreme Court, Kings County, but this error is not sufficient to warrant reconsideration of the habeas petition.

*Claim B*

Petitioner next alleges, as he did in his habeas petition, that Court Exhibit 6 is missing from the state court files. Analyzing the transcript of plaintiff's state proceedings, the court recognizes that an error seems to have occurred whereby notes from the jury marked as court exhibits were misnumbered. Specifically, at page 182 of the trial transcript, the trial judge stated on the record, "I have your note from yesterday which has been marked Court Exhibit 5 which reads as follow[s]: [']Right now we are deadlocked. How long do we have to deliberate and juror number 12 has to go to school. I think we responded to your last request.[']" Later that same day, the judge stated on the record, " I have a note from the jury which is marked Court exhibit number 7 which reads as follows: [']We have reached a verdict.[']" Trial Transcript at 186. There was no note or other item marked Court Exhibit 6. Petitioner seems to allege that this somehow indicates falsification of the transcript. Such an allegation is mere speculation, however, and is unsupported by any facts in the record. The transcript pages are numbered sequentially and there is no indication that anything other than an error occurred in sequentially numbering the exhibits.

*Claim C*

Petitioner next alleges that "the state court never sent the sentencing minutes to the federal court," in contravention of this court's March 11, 2004 Order to Show Cause. In the March 11 Order, this court ordered respondent to "prepare the state court record to be produced and filed upon the court's request." Respondent fulfilled this obligation, delivering the state

court record upon this court's request. Although this court did not receive the sentencing minutes, failure to fully comply with this order is not grounds for habeas relief, as Mr. Solar's habeas petitioner raised no issue regarding his sentence or requiring review of the minutes.

*Claims D & E*

At claim D, petitioner alleges that the state court transcripts received by this court on May 10, 2004, are "not the real transcripts," but are falsified transcripts that are much shorter and "different" from the actual transcripts of the proceedings. To support his claim, petitioner has attached to his motion selected pages of the trial transcripts. In some cases, pages numbered differently appear virtually identical in substance.

Upon close examination of the full state court record, it appears that the transcript of proceedings was re-numbered following dissemination of an original draft. Originally, a transcript was prepared in which all proceedings from December 4, 5, and 6, 2000 were numbered sequentially, as pages 1 through 491. It is evident from the transcript that the pages were subsequently re-numbered so that pagination would begin anew at the beginning of the People's case-in-chief, which was originally in the middle of page 440. Thus, proceedings beginning on December 7, 2000, were transcribed with a starting page of 53; pages 440-491 from December 6 were renumbered 1-52. Accordingly, some pages have been assigned different numbers in different versions of the transcript. There is no evidence of falsification of the transcripts.

The court understands Claim E to be a continuation of petitioner's allegations regarding transcript falsification. Here, petitioner alleges that the court failed to respond to his requests for assistance to secure records from the state court. Such a complaint is not a basis for habeas

3

relief, as it does not raise a Constitutional challenge to petitioner's detention. Moreover, this court had access to all relevant state court records and reviewed them prior to denying the petition. Plaintiff suffered no harm by any failure on the part of the state court to provide him with requested documents.

*Claims F, G, H, I*

Next, petitioner reasserts his allegation that law enforcement officers offered perjured testimony. As explained in the court's January 5 Order, Mr. Solar's allegations of perjury are unsubstantiated. At claim G, petitioner seems to challenge specific testimony offered by undercover officer 2943. Although petitioner's concerns regarding this testimony are unclear, the court acknowledged in its January 5 Order that some testimony offered by law enforcement officers may have been inconsistent. Mere inconsistencies, however, provide no basis for a claim of intentional falsehood. At claim H, petitioner seems to allege that inconsistencies by law enforcement witness are inherently more suspect, but offers no support for such a proposition. Finally, at claim I, petitioner challenges the credibility of the law enforcement witnesses. Credibility determinations are properly made by the finder of fact – here, the jury; they are not subject to review by this court. To the extent that petitioner also alleges fabrication of his confession and the manufacture of other false evidence against him, his claim is purely speculative and is not supported by any evidence of such misconduct.

## CONCLUSION

With the exception of Claim A, the facts established in the records are not contrary to those found by the this court. The court finds no reason to relieve petitioner from this court's final judgment denying his petition for a writ of habeas corpus. Accordingly, the motion to reconsider is denied.

SO ORDERED.

                                                Allyne R. Ross
                                                United States District Judge

Dated: April 21, 2005
        Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Rafael Solar
01-A-1508
Cayuga Correctional Facility
PO Box 1186
Moravia, NY 13118

*Attorney for the Respondent*
Amy Applebaum
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York 11201